**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**MICHAEL L. ROSS**
**On behalf of himself and**
**all others similarly situated,**

      **Plaintiff(s)**　　　　　　　**Case No. 3:15-cv-**

**v.**

**HIDDEN OAK GROUP, INC**
      **Defendant(s).**

_____/

_____

**CLASS ACTION COMPLAINT**
_____

     Plaintiff, MICHAEL L. ROSS individually and on behalf of others similarly situated, asserts, to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

1.     This is a lawsuit directed at the practice of filing Proofs of Claim for "stale debt" for which the applicable statute of limitations prevents collection, and then collecting on such debt through the filing of claims in the Bankruptcy Courts in the State of Florida.

2.     Defendant has refined this practice further. Defendant routinely asserts, and collects, "stale debts" in Chapter 13 bankruptcy proceedings that are beyond the applicable statute of limitations. This practice has occurred in Bankruptcy Courts around the State of Florida.

3.     Plaintiff, in his capacity as Debtor in his Chapter 13 bankruptcy proceeding, brings this action on behalf of the Chapter 13 estate, and on behalf of all other Chapter 13 estates

similarly situated.  The lawsuit seeks statutory damages for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), disgorgement from the Defendant of all collected "stale debts" that were beyond the applicable statute of limitations and return of all such amounts to the estates to which they belong as actual damages, to be properly apportioned among the estates' proper creditors, together with an injunction prohibiting this practice by the Defendant and sanctions and/or punitive damages that are warranted by this illegal conduct, and attorneys' fees and costs.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in this district is proper in that the Plaintiff resides in Marion County, FL and the violations described below occurred in Duval County, FL.

## II. PARTIES

6. Plaintiff filed a Voluntary Petition for Chapter 13 bankruptcy protection in this judicial district in Case Number 3:15-bk-00046-PMG.  In the Plaintiff's bankruptcy, defendant has filed a claim seeking to recover from the Chapter 13 estate a "stale debt" that was uncollectible pursuant to the applicable statute of limitations.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Defendant, HIDDEN OAK GROUP, INC, (HIDDEN OAK) is a "debt collector" as defined by 15 U.S.C. § 1692a(6) but is not registered with the Florida Office of Financial Regulation as a debt collector.  It operates out of its offices located at 35 East Grassy Sprain Rd., #210, Yonkers, NY 10710.

### III. FACTUAL ALLEGATIONS

8.    The practice of "stale debt" collection is well illustrated by the Chapter 13 proceeding of

Plaintiff.

9.    On January 6, 2015, Plaintiff filed a Voluntary Petition in the Jacksonville Division of the

Middle District of Florida pursuant to Chapter 13 of the United States Bankruptcy Code.

Court file number 3:15-bk-00046-PMG was assigned.

10.   On May 3, 2015, Hidden Oak filed Proof of Claim #14 in the Plaintiff's Chapter 13 case

attempting to collect a debt on behalf of Cashcall.  The total amount claimed owing was

$4,718.42

11.   The Proof of Claim is attached as Exhibit 1 to this Complaint.

12.   The Proof of Claim #14 stated the account was purchased on May 5, 2011 by Hidden

Oak. However, the last activity on the account was actually November 18, 2008.

Attached as Exhibit 2 to this Complaint is the relevant credit report page from Ross

showing the last activity on the account. Accordingly, no payment had been made on the

account within 5 years of the date of the filing of the Chapter 13 case by Plaintiff.

13.   Accordingly, under Florida's five (5) year Statute of Limitations, the debt was

unenforceable in both State and Federal Courts as of the date of the filing of the

Voluntary Petition. FLA. STAT. § 95.11 (2014).

14.   The filing of the Proof of Claim was an attempt to collect a stale debt through the Chapter

13 case of Plaintiff in violation of the FDCPA. *See* 15 U.S.C. §§ 1692(a)(6), 1692e,

1692f; *Crawford v. LVNV Funding*, 758 F.3d 1254 (11th Cir. 2014).

## IV. CLASS ALLEGATIONS

15.     Plaintiff seeks certification of the following class of consumers:

    (1) after May 18, 2014;

    (2) whose loans were owned and/or collected by Hidden Oak as a debt collector in

    the State of Florida;

    (3) whom subsequently filed a Voluntary Petition under Chapter 13 of the United

    States Bankruptcy Code in the State of Florida;

    (4) had a Proof of Claim filed by Hidden Oak for which the applicable statute of

    limitations had expired.

16.     This scheme has been carried out by means of centrally controlled policies and practices

and has been implemented with form documents, notices and accounting mechanisms.

17.     The class is numerous enough to make joinder impracticable.  There are approximately

Seven (7) Chapter 13 trustees appointed pursuant to 11 U.S.C. §1302 spread throughout

the State of Florida.  Each of these trustees presides over multiple Chapter 13 estates in

which defendants, on information and belief, have filed "stale debt" claims.  On

information and belief, defendants have filed claims to recover "stale debts" in all or

most bankruptcy jurisdictions.  The class is not so large, however, as to make the

management of this case unusually difficult.

18.     Common questions of law and fact unite the class.  Common questions include, but are

not limited to:

    ▪    Whether defendant violated the protection of the FDCPA by filing Proofs
         of Claim and collecting on "stale debts" in Chapter 13 bankruptcy cases?

    ▪    Whether statutory, actual and punitive damages and/or sanctions are
         warranted by this conduct?

- Whether defendant should be required to disgorge all sums improperly collected?

- Whether defendant should be enjoined by the Court from such practices in the future?

19. Plaintiff's claims, through the Chapter 13 estates they represent, are typical of the class they seek to represent.

20. Plaintiff will adequately represent the class. There is no potential conflict in such representation. Plaintiff's claim is brought in his capacity as a Debtor in the Chapter 13 case, and all recoveries will inure for the benefit of the affected estates.

21. Plaintiff's counsel is experienced in litigation of this type, and will adequately represent the class.

22. Defendant has acted on grounds generally applicable to the class, making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

23. Common questions of law and fact predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. FDCPA claims are particularly suited to class treatment as the statutory scheme provides a uniform method to determine violations, damages and other elements of class litigation.

24. The difficulties likely to be encountered from the management of this case are minimal. Damages can be readily ascertained and calculated and the class is easily identifiable as the records of the Court and the Defendant can be easily accessed to determine claims filed and amounts paid by Chapter 13 Trustees towards "stale debt".

## V. CLAIMS FOR RELIEF
## COUNT I – FDCPA VIOLATIONS

25.     The Plaintiff realleges the factual allegations above.

26.     In order to establish a cause of action under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a consumer; (2) the debt at issue is a consumer debt; (3) Defendant is a debt collector; and (4) Defendant violated the FDCPA. All four elements are met in the instant case.

**Plaintiff is a consumer**.

27.     Plaintiff is a natural person and therefore meets the FDCPA's definition of consumer.

**The debt at issue is a consumer debt.**

28.     The debt at issue is a consumer debt as the unsecured debt was incurred for Plaintiff for personal, family or household purposes. The Plaintiff is not self-employed and has never incurred trade debt.

**Defendant is a debt collector**

29.     Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6) but is not registered with the Florida Office of Financial Regulation as a debt collector.

**Defendant violated the FDCPA.**

30.     While Plaintiff asserts multiple violations of the FDCPA, a single violation of any FDCPA provision is sufficient to establish liability. *See* 15 U.S.C. § 1692k; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993). A debt collector that violates any provision of the FDCPA is liable for (1) actual damages, (2) statutory damages up to $1,000 per Plaintiff, and (3) costs and attorney fees associated with the bringing of a successful action to enforce the provisions of the FDCPA.

31.     "Most courts, including the Eleventh Circuit, have treated the FDCPA as a strict liability

statute, such that no evidence of intent to mislead or deceive is necessary." *Milton v. LTD*

*Fin. Servs*, 2011 U.S. Dist. LEXIS 7426 (S.D. Ga. 2011) (citing *Owen v. I.C. System,*

*Inc.*, 629 F.3d 1263 (11th Cir. 2011). Thus, Defendant's malevolence or lack thereof, is

irrelevant in establishing liability.

32.     HIDDEN OAK violated the FDCPA. HIDDEN OAK's violations include, but are not

limited to, the following:

        a.      HIDDEN OAK misrepresented the character and legal status of the debt in

violation of 15 U.S.C. § 1692e(2).

        b.      By filing Proofs of Claims against a debtor in bankruptcy for stale,

unenforceable claims, Defendant used unfair means to attempt to collect the debt thereby

violating 15 U.S.C. § 1692f(1). Specifically, Defendant sought to recover amounts not

permitted by law;

        c.      HIDDEN OAK violated 15 U.S.C. § 1692e(5) and f(1) by failing to

register with the Florida Office of Financial Regulation as a debt collector. Attached as

Exhibit 3 is the applicable printout from the Office of Financial Regulation showing the

failure to register.

33.     HIDDEN OAK violated multiple provisions of the FDCPA as outlined above.

Accordingly, HIDDEN OAK is liable to PLAINTIFF for actual damages, statutory

damages, and reimbursement of attorney fees and costs associated with the filing of this

action.

**WHEREFORE**, Plaintiff requests the following:

A.      Certification of the described class with the named Plaintiff as class representative;

B.      declaratory judgment in favor of Plaintiff finding Hidden Oak violated the above stated provisions of the FDCPA;

C.      judgment in favor of Plaintiff awarding actual and statutory damages;

D.      Disgorgement of monies improperly collected by defendant;

E.      Sanctions against defendant for its knowing illegal practice;

F.      An injunction against defendant that prohibits this practice by defendant in the future;

G.      Awarding of all of plaintiff's costs, including attorney's fees, incurred in this action;

H.      All other relief the Court deems fair, equitable and appropriate.

**[INTENTIONALLY LEFT BLANK]**

## JURY DEMAND

Plaintiff hereby requests a trial by jury for all issues so triable.

DATED this _18__ day of May, 2015.

Law Offices of Mickler & Mickler, LLP

By: _/s/ Bryan K. Mickler_____
    Bryan K. Mickler
Attorney for Plaintiff(s)
5452 Arlington Expressway
Jacksonville, Florida 32211
(904) 725-0822\FAX 725-0855
Florida Bar No. 091790
bkmickler@planlaw.com

/s/ Lewis Roberts
Lewis Roberts
FL Bar #98190
Lewis Roberts, PA
Attorneys at Law
631 Palm Springs Drive #114
Altamonte Springs, FL 32701
(407)749-0080
(888) 897-3750 Fax
lewis@lrlawoffice.com